UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-3201(DSD/HB)

Ameera Salaimeh,

        Plaintiff,

v.                                          **ORDER**

Messerli & Kramer, P.A., a
domestic professional association
and RAB Performance Recoveries, LLC,
a foreign limited liability company,

        Defendants.

    Marcus J. Hinnenthal, Esq., Patrick L. Hayes, Esq. and
    Marso & Michelson, PA, 3101 Irving Avenue South,
    Minneapolis, MN 55408.

    Derrick N. Weber, Esq., Bradley R. Armstrong, Esq. and
    Messerli & Kramer PA, 3033 Campus Drive, Suite 250,
    Plymouth, MN 55441.

This matter is before the court upon the motions for summary judgment and to compel discovery by defendants Messerli & Kramer (M&K) and RAB Performance Recoveries, LLC (RAB). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion for summary judgment and denies as moot the motion to compel discovery.

**BACKGROUND**

This debt-collection dispute arises out of actions taken by M&K and non-party TCF Bank National, Inc. (TCF Bank), regarding a consumer debt incurred by plaintiff Ameera Salaimeh. Salaimeh held a credit account with FIA Card Services, LLC (FIA). Salaimeh Dep.

at 29:19-25.  At some point before January 20, 2011, she failed to make payments on the account.  Id. at 30:21-31:3; Armstrong Decl. Ex. 1.  First Resolution Investment Corp. (First Resolution) acquired the delinquent debt from FIA and retained M&K to collect on the debt.  Armstrong Decl. ¶ 4.  M&K, acting on behalf of First Resolution, filed an action against Salaimeh in Anoka County District Court on August 30, 2010.  Id. ¶ 6.  Salaimeh failed to answer the complaint.  Id.  On January 20, 2011, a money judgment in the amount of $12,611.20 was entered in favor of First Resolution.  Id. Ex. 1.

Salaimeh maintained a checking account with TCF Bank.  Id. Ex. 10, at 5.  To enforce the judgment, M&K served a garnishment summons and two copies of an exemption notice and disclosure form on TCF Bank on August 13, 2013.  Id. Ex. 2.  Around August 20, 2013, TCF Bank withdrew $890.03 from Salaimeh's account and levied a $125.00 garnishment fee.  Id. Ex. 10, at 5.  Salaimeh discovered that her account had been garnished when her debit card was declined while shopping.  Salaimeh Dep. at 41:21-25.  Her husband contacted TCF Bank and was told that the funds were being garnished by M&K.  Salaimeh Dep. 41:24-43:1; Salaimeh Aff. ¶ 6.

On August 22, 2013, Salaimeh sent M&K a generic exemption form, which she obtained online, claiming that all of her garnished

funds were exempt.[1]  Salaimeh Aff. ¶ 5 & Ex.  As a consequence of
her funds being garnished, Salaimeh alleges that she incurred
overdraft fees, fell behind in monthly payments, and had checks
refused by various retailers and grocery stores.  Compl. ¶¶ 26-31.
First Resolution did not object to Salaimeh's claimed exemptions.
Armstrong Aff. ¶ 12.

    At some point before September 13, 2013, TCF Bank mistakenly
sent Salaimeh a second exemption form, relating to a debt that she
did not owe.  Salaimeh Dep. at 46:3-4; Salaimeh Aff. Ex. 2.  The
caption on the form listed defendant RAB as the creditor, Ann M.
Schultenover as the debtor, and TCF Bank as the garnishee.
Salaimeh Aff. Ex. 2.  RAB is also a client of M&K.  Armstrong Aff.
¶ 5.  Although the case caption indicated that it did not pertain
to her, Salaimeh completed the form and sent it to M&K on September
19, 2013.  Salaimeh Aff. Ex. 2, at 3.  She listed her address on
the form.  Id.

    When M&K received the second exemption form, it mistakenly
updated the address for Schultenover to reflect the address that
Salaimeh provided.  Armstrong Aff. ¶ 14.  M&K, on behalf of its
client RAB, then objected to the claimed exemption as it related to
Schultenover's debt.  Id.  M&K sent Salaimeh a Creditor's Notice of
Objection and Notice of Hearing on Exemption Claim (Notice).

---

    [1] Because First Resolution was represented by M&K, Salaimeh
was not required to send the exemption claim to First Resolution.
See Minn. Stat. § 571.913.

Armstrong Aff. Ex. 6.   The Notice contained a caption for Schultenover's case and listed Schultenover as the debtor. Salaimeh Dep. at 48:21-49:5; Salaimeh Aff. Ex. 3.   Although these documents were mistakenly mailed to Salaimeh, Salaimeh's account was not further garnished because of Schultenover's debt.

Salaimeh filed a complaint on November 21, 2013, alleging (1) violations of the Fair Debt Collection Practices Act (FDCPA), (2) wrongful garnishment, (3) conversion, (4) abuse of process, and (5) negligence.[2]   M&K instructed TCF Bank to release Salaimeh's garnished funds back to her after she commenced this action. Armstrong Aff. ¶ 18.   Defendants now move for summary judgment.

## DISCUSSION

### I.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

---

[2] Salaimeh did not address her state law claims or her FDCPA claims under 15 U.S.C. §§ 1692d and 1692i when opposing this motion.   Although the court considers those claims, it notes that they have been effectively waived.   See Satcher v. Univ. of Ark. at Pine Bluff Bd. Of Trs., 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument.").

(1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  <u>Id.</u> at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. <u>Id.</u> at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial.  <u>Celotex</u>, 477 U.S. at 324.  A party asserting that a genuine dispute exists – or cannot exist – about a material fact must cite "particular parts of materials in the record."  Fed R. Civ. P. 56(c)(1)(A).  If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  <u>Celotex</u>, 477 U.S. at 322-23.

## II.  FDCPA Claims

Congress enacted the FDCPA to protect consumers "in response to abusive, deceptive, and unfair debt collection practices." <u>Schmitt v. FMA Alliance, Ltd.</u>, 398 F.3d 995, 997 (8th Cir. 2005). "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which ... protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection [attempts]."  <u>Strand v.</u>

5

<u>Diversified Collection Serv., Inc.</u>, 380 F.3d 316, 317–18 (8th Cir. 2004) (citations and internal quotation marks omitted).  "The unsophisticated consumer test is a practical one, and statements that are merely susceptible of an ingenious misreading do not violate the FDCPA."  <u>Peters v. Gen. Serv. Bureau, Inc.</u>, 277 F.3d 1051, 1056 (8th Cir. 2002) (citation and internal quotation marks omitted).

**A.   Section 1692e**

Salaimeh first argues that defendants violated §§ 1692e and 1692e(10) of the FDCPA by sending her documents related to Schultenover's debt.  Section 1692e(10) prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  Salaimeh argues that defendants are liable under § 1692e because they failed to prevent TCF Bank from sending her an exemption form pertaining to Schultenover and, after she submitted that form to M&K, they sent her RAB's notice of objection. Salaimeh alleges that she believed her account was being garnished for Schultenover's debt.

There is no dispute that the documents received by Salaimeh contained inaccuracies.  Although the statements and other information within the documents pertained to Schultenover, the documents listed Salaimeh's address as the debtor's address.  The court finds, however, that these inaccuracies do not rise to the

level of a "false representation" that is actionable under § 1692e. For a representation to be actionable, it must be both false and material. Neill v. Bullseye Collection Agency, Inc., No. 08-5800, 2009 WL 1386155, at *2 (D. Minn. May 14, 2009); see also Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012) (noting that "courts have generally held that [FDCPA] violations grounded in 'false representations' must rest on material representations" and collecting cases from Sixth, Seventh, and Ninth Circuits). Representations are material if they "frustrate a consumer's ability to intelligently choose his or her response." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010) (citing Hahn v. Triumph P'ships LLC, 557 F.3d 755, 757 (7th Cir. 2010)).

Salaimeh fails to explain how these documents, which plainly listed Schultenover as a debtor, prevented her from responding with regards to her own debt. Indeed, by the time Salaimeh received these documents, she had already responded to her own garnishment by sending M&K a generic exemption form. Although Salaimeh was understandably confused as to why her funds had not yet been returned to her at that time, her interpretation of the Schultenover documents - that they pertained to her even though they referenced another individual - is peculiar and unreasonable under the unsophisticated consumer standard. See David v. FMS Servs., 475 F. Supp. 2d 447, 449 (S.D.N.Y. 2007) (finding no violation of § 1692e where a debt collection notice for another

individual was sent to the plaintiff's address).  As a result, summary judgment is warranted on Salaimeh's § 1692e claim.

## B.    Section 1692f

Salaimeh next argues that defendants violated § 1692f, which prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."  Included among such means is an attempt to collect an amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).[3]  "A violation of § 1692f(1) can be premised on a violation of either a Minnesota statute or common law."  Backlund v. Messerli & Kramer, P.A., Civ. No. 12-808, 2012 WL 3582963, at *5 (D. Minn. Aug. 17, 2012) (citation and internal quotation marks omitted).

Salaimeh first claims that M&K violated state law when it failed to direct TCF Bank to return her funds, even though it knew that First Resolution did not object to her claimed exemptions. Defendants respond that only the financial institution as garnishee, but not the debt collector or creditor, is obligated to

---

[3] As an initial matter, Salaimeh's § 1692f(1) claim fails to the extent she argues that the amount M&K sought to collect on was not permitted by law.  See Compl. ¶ 33.  The record shows that M&K was enforcing a valid judgment.  Armstrong Aff. Ex. 1. Summary judgment is also warranted to the extent the § 1692f claim is premised on the conduct underlying her other FDCPA claims.  See Baker v. Allstate Fin. Servs., Inc., 554 F. Supp. 2d 945, 953 (D. Minn. 2008) ("Cognizant that it could not anticipate every sharp practice by debt collectors, Congress enacted Section 1692f to catch conduct not otherwise covered by the FDCPA.").

return funds that are claimed exempt.  The court agrees.  Under Minnesota garnishment law, if a creditor does not object to a claimed exemption, any garnished funds must be released "six business days after the date postmarked on the envelope containing the executed exemption notice mailed to the financial institution." Minn. Stat. § 571.913.  This language - focusing on the notice received by the financial institution - does not demonstrate an intent to create a duty on the part of the debt collector.  In the absence of authority indicating otherwise, the court will not read such a duty into the statute.

Moreover, Salaimeh does not point to any authority establishing liability under § 1692f for the unlawful retention, rather than collection, of funds.  The court has consistently held that a failure to return garnished funds is not actionable under § 1692f.  See Backlund, 2012 WL 3582963, at *5; see also Reeves v. Messerli & Kramer, P.A., No. 11-cv-729, 2012 WL 926063, at *4 (D. Minn. Mar. 16, 2012) (stating that "[e]ven if § 1692f applies to retention as well as collection of funds," the particular retention in question was not "unfair or unconscionable" activity prohibited by § 1692f).

Salaimeh next claims that M&K violated Minnesota law because she did not receive the garnishment summons and exemption notice relating to her debt.  See Minn. Stat. § 571.72, subd. 4, 8 (requiring a garnishment summons and exemption notice to "be served

by mail at the last known mailing address of the debtor"); see also Backlund, 2012 WL 3582963, at *5 (recognizing a § 1692f claim where a debt collector failed to send notice of a garnishment summons). Section 571.72, however, provides that "[s]ervice of the garnishment documents on the debtor is effective upon mailing." Minn Stat. § 571.72, subd. 4.  The record supports a finding that M&K mailed the documents to Salaimeh.  See Weber Decl. ¶¶ 6-8.  As such, defendants cannot be charged with Salaimeh's claimed lack of receipt.

Nor does the court find that defendants' actions were otherwise unfair or unconscionable as required by § 1692f. Defendants' conduct does not fall within the prohibited conduct enumerated in § 1692f.  See § 1692f(1)-(8) (prohibiting collecting more money than expressly authorized, accepting or soliciting postdated checks, threatening criminal prosecution, causing consumer to incur collect call or telegram charges, threatening unauthorized nonjudicial action, and communicating by postcard). The court also finds that the alleged conduct in the present matter - sending incorrect documentation and not directing the release of exempt funds when there was no duty to do so - is less severe than the enumerated conduct.  As a result, summary judgment is warranted on Salaimeh's § 1692f claim.[4]

---

[4] As noted, Salaimeh did not address her claims under §§ 1692d and 1692i.  Salaimeh alleges in her complaint that defendants

(continued...)

## III.   State Law Claims

### A.   Wrongful Garnishment

Salaimeh next argues that defendants violated Minnesota Statutes § 571.90.  Defendants respond that this provision does not apply to debt collectors.  The court agrees.  The statute provides, in relevant part:

> Any action by a creditor made in bad faith and in violation of [Chapter 571] renders the garnishment void and the creditor liable to the debtor named in the garnishment ....

Minn. Stat. § 571.90.  A "creditor" is defined as "the party who has a claim for the recovery of money ... and who is issuing or requesting the issuance of the garnishment summons."  Minn. Stat. § 571.712, subd. 2(a).  A "claim" is defined as "the unpaid balance of the creditor's judgment against the debtor."  Id. § 571.712, subd. 2(d).  Salaimeh's judgment creditor was First Resolution, not

---

4(...continued)
violated § 1692i by setting a hearing on RAB's objections to her claimed exemptions in Hennepin rather than Anoka county.  Compl. ¶ 36.  A debt collector may only bring a legal action in the judicial district in which the debtor resides.  15 U.S.C. § 1692i(a)(2)(B).  The hearing at issue here, however, pertained to Schultenover rather than Salaimeh and as such was not a legal action brought against her.  Further, § 1692d prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  Salaimeh does not allege that defendants' conduct fits within the enumerated examples under § 1692d.  Rather, she argues that the conduct underlying her other FDCPA claims also constitutes a violation of § 1692d.  Compl. ¶¶ 32-35.  The court finds as a matter of law that this conduct does not rise to the level of harassment, oppression, or abuse actionable under § 1692d.

M&K or RAB.[5]   As a result, summary judgment is warranted on the wrongful garnishment claim.

### B.   Conversion

Salaimeh next argues that defendants are liable for conversion because M&K failed to direct TCF Bank to return her funds. Conversion is "an act of willful interference with personal property, done without lawful justification by which any person entitled thereto is deprived of use and possession." DLH, Inc. v. Russ, 566 N.W.2d 60, 71 (Minn. 1997) (citation and internal quotation marks omitted).  A conversion claim may be premised on wrongful levy.  See Reeves, 2012 WL 926063, at *2.

Defendants respond that TCF Bank was solely responsible for failing to return Salaimeh's funds.  The court agrees.  In support of her conversion claim, Salaimeh points to a file maintained by M&K, indicating that M&K believed her funds could not be released by TCF Bank unless she submitted statements showing the source of the funds.  See Hayes Aff. Ex. 1, at 4.  Salaimeh does not offer, however, any evidence that defendants actually directed TCF Bank

---

[5] Although the complaint indicates that this claim is brought against RAB, which is a creditor, RAB was not involved in any way with Salaimeh's garnishment and as such cannot be held liable. Indeed, the only apparent connection RAB has to this action is that it was the creditor for Schultenover and was listed as such on the documents mistakenly mailed to Salaimeh.

not to release the funds or that defendants interfered with the release in any way.  As a result, summary judgment is warranted on the conversion claim.

### C.   Abuse of Process

Salaimeh next argues that defendants are liable for abuse of process.  To prove abuse of process, Salaimeh must show that there was an ulterior purpose and that defendants used the garnishment proceedings to achieve something not within the scope of the proceedings.  Kellar v. VonHoltum, 568 N.W.2d 186, 192 (Minn. Ct. App. 1997).  Salaimeh fails to present any evidence that defendants acted with an ulterior purpose.  The record shows that M&K used the garnishment proceedings to collect on an unpaid judgment, not to "accomplish an end other than that which the process was designed to accomplish."  Pow-Bel Constr. Corp. v. Gondek, 192 N.W.2d 812, 814 (Minn. 1972).  As a result, summary judgment is warranted on the abuse of process claim.

### D.   Negligence

Finally, Salaimeh argues that defendants are liable for negligence.  "The four elements of negligence are:  (1) the existence of a duty of care; (2) a breach of that duty; (3) an injury; and (4) the breach of the duty being the proximate cause of the injury."  Engler v. Ill. Farmers Ins. Co., 706 N.W.2d 764, 767 (Minn. 2005).  Even if defendants owed Salaimeh a duty of care, she has not produced any evidence showing that such a duty was

breached.   As explained above, Salaimeh has not shown that defendants violated the FDCPA or state garnishment statutes, and she has not alleged any further conduct that would support a negligence claim.   As a result, summary judgment is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   Defendant's motion for summary judgment [ECF No. 26] is granted; and

2.   Defendant's motion to compel discovery [ECF No. 26] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  November 25, 2014

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court